**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4156**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EDWARD MARTIN ANDREWS, a/k/a Edward Andrews,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge. (1:11-cr-00320-LMB-1)

Submitted:  September 25, 2012      Decided:  October 22, 2012

Before DUNCAN, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, W. Todd Watson, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, for Appellant.  Marc Birnbaum, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Martin Andrews appeals his convictions for bank robbery, in violation of 18 U.S.C. § 2113(a) (2006), using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006), and possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Counsel for Andrews has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues on appeal but questioning whether the district court erred when it denied Andrews's request for a new trial based on an alleged violation of Giglio v. United States, 405 U.S. 150 (1972). Andrews was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a district court's denial of a motion for a new trial for abuse of discretion. United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001). Material evidence tending to impeach a prosecution's witness must be disclosed to a defendant if known to the prosecution. Giglio, 405 U.S. at 153-55. Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433-34 (1995) (internal quotation marks omitted). Our review of the trial transcript leads us to conclude that the

2

district court correctly determined the challenged evidence was not material and, therefore, that the court did not abuse its discretion when it declined to order a new trial based on an alleged violation of Giglio.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Andrews, in writing, of the right to petition the Supreme Court of the United States for further review. If Andrews requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Andrews.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3